# EXHIBIT 1



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

SM7 / ALL
Transmittal Number: 15611736
Date Processed: 09/12/2016

| | |
|---|---|
| Primary Contact: | Molly Breen<br>Envision Healthcare<br>6363 S. Fiddler's Green Circle<br>Suite 1400<br>Greenwood Village, CO 80111 |
| Electronic copy provided to: | AbbyMarie Rohr<br>Lynne Liko*<br>Marc Bonora<br>Keri Parish |
| Entity: | EmCare, Inc.<br>Entity ID Number  1600357 |
| Entity Served: | Emcare, Inc. |
| Title of Action: | Cathy Clark vs. Emcare, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Santa Clara County Superior Court, California |
| Case/Reference No: | 16CV03973 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 09/09/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Daniel A. Reisman<br>323-330-0580 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EMCARE, INC., a corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CATHY CLARK, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED |
| Superior Court of California |
| County of Santa Barbara |
| Darrel E. Parker, Executive Officer |
| 9/9/2016 8:00:00 AM |
| By: Sarah Sisto, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the County of Santa Barbara
1100 Anacapa Street, Santa Barbara, CA 93101

CASE NUMBER:
*(Número del Caso):* **16CV03973**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel A. Reisman, Erin Reisman, 5900 Wilshire Blvd., Suite 2600, Los Angeles CA 90036;(323) 330-0580

DATE: 9/9/2016    Clerk, by /s/ Sarah Sisto, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Emcare, Inc., a Corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel A. Reisman (SBN 250819); Erin Reisman (SBN 248426)<br>Reisman & Reisman<br>5900 Wilshire Blvd., Suite 2600<br>Los Angeles, CA 90036<br>TELEPHONE NO.: (323) 330-0580    FAX NO.: (323) 389-0694<br>ATTORNEY FOR *(Name)*: Plaintiff, CATHY CLARK | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>9/9/2016 8:00:00 AM<br>By: Sarah Sisto, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Barbara 93101
BRANCH NAME: Anacapa Division

CASE NAME: CATHY CLARK v. EMCARE INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 16CV03973 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: 6
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2016
Erin Reisman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non- domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non- harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2016 8:00:00 AM
By: Sarah Sisto, Deputy

Daniel A. Reisman (SBN 250819)
Erin Reisman (SBN 248426)
**REISMAN & REISMAN**
5900 Wilshire Blvd., Suite 2600
Los Angeles, CA 90036
Tel: (323) 330-0580
Fax: (323) 389-0694
Email: dreisman@reismanlawoffices.com
ereisman@reismanlawoffices.com

Attorneys for Plaintiff, CATHY CLARK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| CATHY CLARK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EMCARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 16CV03973<br><br>COMPLAINT FOR:<br><br>(1) FAILURE TO PAY OVERTIME WAGES (Labor Code §§ 510, 1194, 1198);<br><br>(2) FAILURE TO PAY MINIMUM WAGE (Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197);<br><br>(3) FAILURE TO PROVIDE MEAL AND REST PERIODS (Labor Code §§ 226.7, 512);<br><br>(4) FAILURE TO FURNISH AND KEEP ACCURATE ITEMIZED WAGE STATEMENTS AND PAYROLL (Labor Code § 226);<br><br>(5) VIOLATIONS OF THE UCL (Bus & Prof. Code § 17200 *et seq.*)<br><br>(6) FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION (Labor Code §§ 201 and 203)<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Cathy Clark alleges causes of action against Defendants EMCARE, Inc., and Does 1 through 50, inclusive, as follows:

1. Defendant EMCARE, Inc. a corporation with its principal place of business located in Santa Barbara County, California.

2. Plaintiff Cathy Clark is, and at all times material to the allegations in this complaint, was a resident of the State of California, County of Santa Clara.

3. Plaintiff is ignorant of the true names and capacities of the defendants sued as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. On information and belief, each of these fictitiously named defendants is responsible in some manner for the occurrences alleged in the complaint, and said defendants proximately caused Plaintiff's injuries.

4. This court is the proper venue because Defendant EMCARE, Inc.'s principal place of business is situated in Santa Barbara County, California.

### Factual Allegations

5. Defendants employed Plaintiff in a nonexempt role. Defendants misclassified Plaintiff as an independent contractor. Due to this misclassification of Plaintiff, Defendants have violated numerous provisions of the California Labor Code, including failure to pay overtime, failure to pay minimum wage for all hours worked, failure to provide meal and rest breaks, and failure to furnish accurate and itemized wage statements. Defendants also failed to compensate Plaintiff at the time of termination.

### First Cause of Action
### Failure to Pay Overtime Wages (Labor Code §§ 510, 1194, 1198);
### (Against All Defendants)

6. Plaintiff incorporates paragraphs 1 through 5 by this reference.

7. *Plaintiff's Status as an Employee.* The term "employee" is defined in Labor Code § 350 as a "person, . . . rendering actual service in any business for an employer." The term "employee" is defined in section 2 of the applicable Wage Orders as "any person employed by an employer." Plaintiff was an employee of Defendants for which she performed services within these

–2–
COMPLAINT

definitions. At all material times herein, Defendants have acted as Plaintiff's "employers" and were "employing" her.

8. *Defendants' Status as Employers.* Section 2 of the applicable Wage Order defines "employer" as any person who "directly or indirectly, or thorough an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Labor Code § 350 defines "employing" as "hiring, or in any way contracting for, the services of an employee." Defendants meet these definitions with respect to those workers who performed services for them.

9. Defendants control the wages, hours, and working conditions of Plaintiff. Defendants effectively controlled the employment of Plaintiff and knew or should have known that Plaintiff was routinely underpaid for her labor.

10. Labor Code §§ 510 and 1198, and the applicable Wage Order provide that employees must receive: "(a) One and one-half (1½) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

11. During the course of her employment, Plaintiff regularly worked in excess of 8 hours a day and/or 40 hours per week. Defendants knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

12. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amounts owed.

13. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code sections 510 and 1194 and is therefore unlawful.

14. As a result, Defendants failed to provide Plaintiff with overtime and other compensation in amounts to be determined at trial. Plaintiff is entitled to the recovery of such amounts, plus interest thereon, attorneys' fees, and costs under Labor Code section 1194.

## Second Cause of Action
### Failure to Pay Minimum Wage (Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197)
### (Against All Defendants)

15. Plaintiff incorporates paragraphs 1 through 14 by this reference.

16. Throughout the relevant time period, as a result of the policies and practices of Defendants as described in this complaint, Defendants have failed to pay Plaintiff minimum wages for all hours worked.

17. As a direct and proximate result of Defendants' business practices, Plaintiff has been deprived of minimum wages in an amount to be determined at trial. Labor Code section 1194(a) provides that employees who have not been paid minimum wages may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

18. In addition, Labor Code section 1194.2 provides that employees who are paid less than minimum wage are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

## Third Cause of Action
### Failure to Provide Meal and Rest Periods (Labor Code §§ 226.7, 512)
### (Against All Defendants)

19. Plaintiff incorporates paragraphs 1 through 18 by this reference.

20. At all times relevant herein, Plaintiff's employment with Defendants was subject to the provisions of Labor Code section 226.7, Labor Code section 512, and the applicable Wage Order, which require the employer to provide employees with a meal period of not less than thirty minutes for every five hours worked, and a rest period of ten minutes net rest per four hours or major fraction thereof unless expressly exempted.

21. Plaintiff frequently worked at least five hours a day without a meal period or rest period as provided by law.

22. For each time Plaintiff was not provided the required meal period or rest period, Plaintiff is entitled to recover one additional hour of pay at her regular rate of compensation pursuant to Labor Code section 226.7.

23. Plaintiff is therefore entitled to payment, in amount to be proven at trial, for additional pay for each meal period and each rest period that Defendants failed to provide.

### Fourth Cause of Action
### Failure to Furnish and Keep Accurate Wage Statements and Payroll (Labor Code §§ 226 and 1174)
### (Against All Defendants)

24. Plaintiff incorporates paragraphs 1 through 23 by this reference.

25. Pursuant to Labor Code sections 226 and the recordkeeping provisions of the applicable Wage Order, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday and provide each employee with accurate, periodic wage payments in writing setting forth, among other things: (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned, (4) the inclusive dates of the period for which the employee is paid, and (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

26. Defendants have knowingly failed to comply with Labor Code section 226 by, among other things, failing to provide accurate periodic wage payments in writing setting forth, among other things: (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned, (4) the inclusive dates of the period for which the employee is paid, and (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

27. Labor Code section 226(e) further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter. During the course of Plaintiff's employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by Labor Code section 226.

28. Defendants' failure to provide such adequate statements has caused injury to Plaintiff. Plaintiff may therefore recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper records in an amount to be determined at trial.

-5-
COMPLAINT

29. Plaintiff incurred costs and fees in bringing this action, and such costs and fees should be awarded to Plaintiff under Labor Code section 226.

### Fifth Cause of Action
### Violations of the UCL (Bus. & Prof. Code § 17200 et seq.)
### (Against All Defendants)

30. Plaintiff incorporates paragraphs 1 through 29 by this reference.

31. In engaging in the conduct alleged above, Defendants, and each of them engaged in unfair business practices under the Unfair Competition Law, Business and Professions Code section 17200 *et seq.*

32. Pursuant to Business and Professions Code section 17203, Plaintiff seeks declaratory and injunctive relief for the unlawful, unfair, and fraudulent conduct, as well as to recover restitution.

33. Pursuant to Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

### Sixth Cause of Action
### Failure to Pay Compensation at the Time of Termination (Labor Code §§ 201 and 203)
### (Against All Defendants)

34. Plaintiff incorporates paragraphs 1 through 33 by this reference.

35. Labor Code section 201 requires an employer, who discharges an employee, to pay compensation due and owing to said employee immediately upon discharge. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge in a prompt and timely manner pursuant to Labor Code section 201, said employer is liable to said employee for waiting time penalties.

36. Defendants, and each of them, have willfully failed and refused, and continue to fail and refuse, to pay the compensation due and owing to Plaintiff.

37. As a result, Plaintiff is entitled to damages in an amount to be proven at trial as well as prejudgment interest.

### Prayer for Relief

WHEREFORE Plaintiff prays for judgment against Defendants, and each of them, as follows:

(a) For general and special damages according to proof;

(b) For prejudgment interest according to proof;

(c) That the Court find and declare Defendants' acts and practices as described herein to be unlawful, unfair, and fraudulent;

(d) That Defendants be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

(e) For restitution;

(f) For reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226 and 1194 and other applicable laws;

(g) For punitive damages in an amount appropriate to punish Defendants, and each of them, and deter others from engaging in similar misconduct;

(h) For costs of suit incurred herein; and

(i) For any other and further relief as the court deems just and proper.

DATED: September 8, 2016          REISMAN & REISMAN

By: _____
Erin Reisman
Attorneys for Plaintiff,
CATHY CLARK

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
...
28
```

### Demand for Jury Trial

Plaintiff Cathy Clark hereby demands a jury trial on all issues so triable.

DATED: September 8, 2016                REISMAN & REISMAN

By: *[signature]*
Erin Reisman
Attorneys for Plaintiff,
CATHY CLARK

–8–
COMPLAINT

# Superior Court of California
# County of Santa Barbara

# CADRe

(**C**ourt-**A**dministered **D**ispute **Re**solution)

# Program Information

### DO YOU HAVE A PENDING CIVIL CASE?

This brochure explains the Santa Barbara Superior Court's CADRe Program. *CADRe is the Court's Alternative Dispute Resolution (ADR) office. CADRe is not a lawyer referral service nor an investigative or enforcement agency and CADRe staff cannot give legal advice.*

CADRe typically becomes involved in a civil case after the judge refers the case to the program at the first Case Management Conference. CADRe offers litigants a variety of options to enable faster resolution of civil disputes.

### WHY DOES THE COURT SUGGEST ADR?

ADR can be speedier and less costly than litigation. It can permit more participation by the litigants and more flexibility in finding ways to resolve a dispute, resulting in greater satisfaction with the outcome.

ADR is not appropriate for every case, however. It requires the parties to cooperate with each other to end the dispute. It may not be effective if it occurs before the parties have sufficient information to resolve the dispute. There are usually costs associated with using an ADR process and timing guidelines to consider.

### SMALL CLAIMS & CIVIL HARASSMENT CASES

The court offers mediation of Small Claims and Civil Harassment Restraining Order cases through the Conflict Solutions Center. Any party to a Small Claims or Civil Harassment Restraining Order case can request mediation by calling the Conflict Solutions Center office in Santa Barbara at (805) 963-6765 or in Santa Maria at (805) 349-8943.

### ACCESSING THE CADRe PROGRAM

Before the initial 120-day Case Management Conference (CMC), counsel and their clients are expected to discuss ADR options for the case and complete the *Case Management Statement [CM110]*. This form must be served on the other parties and filed with the court no later than (15) calendar days prior to the CMC [refer CRC 3.725].

Referrals to CADRe are usually made at the CMC. The nature of any referral to CADRe will depend on the judge's determination of the amount in controversy at the CMC. If this amount does not exceed $50,000.00, the judge may order the case to "Limited Mediation." If the amount in controversy exceeds $50,000.00, the judge may order the case to "CMADRESS."

1

Whatever the judge orders regarding ADR, the parties can go directly to the CADRe office, or call CADRe at 805-882-4661 for a brief conference. CADRe staff will discuss ADR options and explain program procedures to allow the parties to comply with the judge's order.

### WHAT IS "CMADRESS?"

As of July 2005, the civil departments countywide have implemented "CMADRESS" [Case Management Alternative Dispute Resolution Early Settlement Session]. If the judge so orders, **trial counsel and their clients** will be required to attend an early settlement session with a neutral assigned by the CADRe office, usually within 90 days of the date of the judge's order. The neutral will address the potential benefits of ADR for the case and begin efforts at early settlement if indicated. Contact the CADRe office for more information about CMADRESS.

### CASES INVOLVING $50,000.00 OR LESS

If the amount in controversy in the case is $50,000.00 or less (CCP §1141), CADRe offers:

**Limited Mediation (In Lieu of Judicial Arbitration):** Per Local Rule 1102, cases with an amount in controversy of $50,000.00 or less that are subject to Judicial Arbitration may instead elect or be ordered to Limited Mediation by the judge.

The CADRe office will assign a mediator to the case, usually with input from the parties. CADRe staff can explain the assignment procedure to you. The first three (3) hours of mediation are provided free of charge to the parties (the court pays the mediator for this time period). Thereafter, the mediator may charge the parties an hourly rate.

NOTE: *For Limited Mediation, you must always contact the CADRe office first for CADRe to assign a mediator to the case. If you contact a mediator independently without obtaining an LM assignment sheet from the CADRe office first, then you will be expected to pay the mediator's market hourly rate.*

Next, you must contact the assigned mediator and set a mutually-agreeable date for the mediation with all participants and the mediator. **CADRe staff does not schedule the mediation.** Finally, you must deliver to the CADRe office (fax is acceptable as long as the entire document is legible) a completed *Stipulation and Order to ADR Process* form [SC2038]. **Please be sure to include the mediation date information (Item 3).** The stipulation form is incomplete without this date, and CADRe cannot file the form until it is complete. Contact CADRe for help with the stipulation form.

### CASES INVOLVING OVER $50,000.00 IN CONTROVERSY (OR AT YOUR OPTION)

If all parties agree on an ADR process you then select a neutral person to conduct the process.

CADRe maintains five separate panels of neutrals, but you are free to use a non-CADRe neutral if you wish. Comprehensive information on CADRe panelists (including their backgrounds, qualifications, and styles of practice) is available on the CADRe website at **www.sbcadre.org** OR at the CADRe office. **CADRe does not schedule the ADR process.** You then contact the neutral and arrange a mutually-agreeable date for the ADR process, and then deliver to the CADRe Office (by fax is acceptable if the entire document is legible) a completed *Stipulation and Order to ADR Process* form [SC2038]. **Please be sure to include the process date information (Item 3).** The stipulation form is incomplete without this date, and CADRe cannot file the form until it is complete. Contact CADRe for help with the stipulation form.

*Unless otherwise agreed, litigants will share the cost of the neutral they select.*

If the amount in controversy in the case exceeds $50,000.00, CADRe offers:

**CADRe Mediation:** The mediator you select helps you negotiate a mutually-acceptable resolution to the case. The mediator does not impose a decision on you, but rather assists you in exploring options for resolution, typically focusing on the parties' interests. The disputants retain total control of the outcome.

Mediation is a confidential process (Evidence Code §1115-1128). Statements made in mediation cannot be repeated in court. The mediator does not communicate with the court except to file a *Statement of Agreement or Non-Agreement* (Form ADR-100).

**Neutral Evaluation (NE):** The neutral you select evaluates the claims and supporting evidence, and offers an assessment of the merits of the case. The evaluator can clarify the central issues in dispute, assist with discovery and motion planning, or with an informal exchange of key information, or even facilitate settlement discussions when requested by the parties. These assessments are not binding, however, equipped with this information, cases frequently settle within a short time after the NE.

**Binding Arbitration:** The neutral you select hears the evidence in your case, makes a determination, and issues an award. Binding arbitration is final. It brings closure with very few rights of appeal.

**Special Master:** The neutral you select works with you to customize an appropriate dispute resolution process to meet your particular needs. Special Master processes can include: settlement conferences with a member of our Settlement Master panel, Discovery Referees to assist in resolving discovery disputes in complex cases, Judges Pro Tem to serve as adjudicators, Private Judges for private mini-trials, or any custom process the parties choose to design.

## TIMING GUIDELINES, CODES & RULES

Under Local Rule 1102, parties are to complete and return the ADR Stipulation to the CADRe office within ten (10) days of either the CADRe conference or the Case Management Conference where the judge referred the case to the CADRe program.

The ADR process should be completed within sixty (60) days after filing the ADR stipulation unless otherwise permitted by the judge.

Within ten (10) days after the final ADR session, the neutral will file a *Statement of Agreement or Non-Agreement* (Form ADR-100) with the court via the CADRe office, and will serve it on all parties [refer CRC 3.895].

*NOTE: It is the mediator's sole responsibility to serve the ADR-100 document on the parties and file the original with the court. The parties are not responsible for serving or filing the ADR-100, but they must still file the usual settlement documents if the mediation ends in agreement [CRC 3.1385]. The mediator's ADR-100 does not take the place of the parties' Notice of Settlement or Request for Dismissal.*

Parties in mediation retain the right to obtain discovery to the extent available under the Civil Discovery Act of 1986 (CCP §1775.11).

3

Mediation is a confidential process. Statements made in mediation cannot be repeated in court. (CA Evidence Code §1115-1128). **_Mediation briefs should ONLY be sent to the mediator and NOT filed with the court_** (CA Evidence Code §1119).

## *MEDIATION ATTENDANCE*

| **CALIFORNIA RULES OF COURT, RULE 3.894 (APPEARANCE AT MEDIATION SESSIONS)** |
| --- |
| All parties and attorneys of record must attend all mediation sessions in person unless excused or permitted to attend by telephone as provided in (3). If a party is not a natural person, a representative of that party with authority to resolve the dispute or, in the case of a governmental entity that requires an agreement to be approved by an elected official or a legislative body, a representative with authority to recommend such agreement, must attend all mediation sessions in person, unless excused or permitted to attend by telephone as provided in (3). (2) If any party is insured under a policy of insurance that provides or may provide coverage for a claim that is a subject of the action, a representative of the insurer with authority to settle or recommend settlement of the claim must attend all mediation sessions in person, unless excused or permitted to attend by telephone as provided in (3). (3) The mediator may excuse a party, attorney, or representative from the requirement to attend a mediation session under (1) or (2) or permit attendance by telephone. The party, attorney, or representative who is excused or permitted to attend by telephone must promptly send a letter or an electronic communication to the mediator and to all parties confirming the excuse or permission. (4) Each party may have counsel present at all mediation sessions that concern the party. (Subd (a) amended effective January 1, 2007; *adopted as untitled subd effective, March 1, 1994.*) |

## *SANTA BARBARA SUPERIOR COURT CADRe RULE*

| **SANTA BARBARA SUPERIOR COURT, RULE 1102 COURT ADMINISTERED DISPUTE RESOLUTION (CADRe)** |
| --- |
| **a. [Service and Filing]** As part of the service and proof of service of complaints, the plaintiff(s) shall include a copy of the *Court Administered Dispute Resolution (CADRe) Program Information* and a *Stipulation and Order to Alternative Dispute Resolution (ADR) Process* form per CRC 3.221(c). Not later than fifteen (15) days before the 120-day Case Management Conference prescribed by Rule 1309(d) of this Court, all counsel and self represented litigants shall file with the court a completed *Case Management Statement [CM-110]* and serve it on all other parties. At the Case Management Conference, the Court will make a determination of the amount in controversy, in the manner provided by Section 1141.16 of the Code of Civil Procedure.<br><br>**b. [ADR Consultation]** At the court's discretion, counsel and parties may be required to attend a consultation with the staff of the Court's CADRe Program within ten (10) days of the 120-day Case Management Conference or as otherwise directed by the court. Parties and counsel shall be fully prepared to discuss with the court and CADRe staff the appropriate dispute resolution method(s) for the case.<br><br>**c. [Timing, Disposition and Reporting]** If an ADR process is selected, counsel shall file with the court a fully-executed *Stipulation and Order to Alternative Dispute Resolution (ADR) Process* form within ten (10) days after the later of either:<br><br>(i) the 120- day Case Management Conference, or<br>(ii) the CADRe Consultation, indicating their participation in an ADR process. |

4

> **SANTA BARBARA SUPERIOR COURT, RULE 1102, continued**
>
> The parties shall conduct the ADR process within sixty (60) days of filing the ADR Stipulation, unless otherwise agreed to by the court. The Neutral shall file with the court a *Statement of Agreement or Non-Agreement [ADR-100]* within ten (10) days of the final ADR session. All reports to the Court by any mediator shall strictly comply with Section 1115 et. seq. of the California Evidence Code, regarding disclosure of confidential or privileged information.
>
> Cases that do not resolve through the use of an ADR process shall proceed to trial in accordance with these rules. Participation in an ADR process shall not affect time periods specified in the Trial Court Delay Reduction Act. Upon any settlement or other disposition of a case, other than by trial, wherein an ADR process has occurred or is pending, notice of such disposition shall be given to all parties, to the Court, to the arbitrator or other ADR neutral involved in the case, and also to the Court's CADRe Program, in the manner required by Rule 3.1385 of the California Rules of Court.
>
> **d. [Mediation in lieu of Judicial Arbitration]** Civil cases with an amount in controversy of $50,000.00 or less that are subject to Judicial Arbitration (CCP §1141 et. seq.) may be ordered to Limited Mediation in lieu of Judicial Arbitration (CCP §1775 et. seq.) at the request of the parties or the discretion of the court.
>
> *(Adopted 01-01-98. As amended, eff. 01-01-05)*

### *THE CADRe WEBSITE – www.sbcadre.org*

Please visit the CADRe website at **www.sbcadre.org**. There you will find comprehensive information on all of the CADRe neutrals, and a listing of panelists by areas of expertise.

The site also includes all of the applicable rules and code sections. Also, all forms referred to in this brochure are available on the site in PDF format. The site also contains published articles of interest.

---

# *Santa Barbara County Superior Court CADRe Program*

## *Vance Saukko, CADRe Director*

---

### *Serving Santa Barbara/Santa Maria*

**Santa Barbara Superior Court
1100 Anacapa Street
Santa Barbara, CA 93101**

**Ph: (805) 882-4661
Fax: (805) 882-4613**

*(In Family Court Services, ground floor, near Dept. 6)*

---

**E-Mail: cadre@sbcourts.org**

# www.sbcadre.org

5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|
| ATTORNEY FOR *(Name)*: | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION AND ORDER TO ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCESS | CASE NUMBER: |
|---|---|
| | ASSIGNED JUDGE: |

MANDATORY SETTLEMENT CONFERENCE DATE (if applicable): _____

This fully executed stipulation must be returned to the CADRe office by: _____ (Fax 805-882-4613)

1. **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION:**
   The parties hereby stipulate that all claims in this action shall be submitted to the following ADR process and the parties will appear at such hearing with persons having full authority to resolve the dispute pursuant to California Rules of Court, Rule 3.874:

   a. Amount in Controversy is $50,000.00 or under:
      ☐ Judicial Non-binding Arbitration (CCP 1141.12)
      ☐ Limited Mediation with Mediator Assigned by the CADRe Office (CCP 1775)

   b. Amount in Controversy exceeds $50,000.00:
      ☐ Binding Arbitration
      ☐ CADRe Mediation
      ☐ Neutral Evaluation
      ☐ Special Master
      ☐ Other: _____

2. **THE ADR PROCESS WILL BE CONDUCTED BY:**
   Neutral's Name: _____ Phone: _____

3. **THE MEDIATION (OR OTHER ADR PROCESS) WILL OCCUR ON (mm/dd/yy):** _____

4. **PARTY REPRESENTATIVES:**

   X_____          X_____
   For Plaintiff:                    For Defendant:
   Name: _____             Name: _____

   Address: _____          Address: _____

   City/St/Zip: _____      City/St/Zip: _____

   Tel / Fax: _____        Tel / Fax: _____

   E-Mail: _____           E-Mail: _____

   (If additional signatures are required, please attach an additional signature page)

**IT IS SO ORDERED PURSUANT TO THE ABOVE STIPULATION:**

Date: _____

_____
Judge of the Superior Court

SC-2038 [Rev. Oct. 12, 2004]    STIPULATION AND ORDER TO ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCESS    CRC 3.874 CCP 1141.12, 1775