O

United States District Court
Central District of California

| | |
|---|---|
| CATHY CLARK, an individual,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>EMCARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-07503-ODW-JC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [13]** |

## I.   INTRODUCTION

This action arises from Defendant EmCare, Inc.'s alleged misclassification of Plaintiff Cathy Clark as an exempt salaried employee.  (First Am. Compl. ("FAC") ¶ 5, ECF No. 9.)  Before the Court is EmCare's motion to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  (Mot. to Dismiss ("MTD"), ECF No. 13.)  For the reasons discussed below, the Court **GRANTS** Defendant's motion with leave to amend.

## II.   FACTUAL BACKGROUND

Plaintiff worked for EmCare as a "nurse scheduler," which she alleges is a non-exempt position.  (FAC ¶ 5.)  Plaintiff alleges that she was incorrectly classified as an exempt salaried employee by EmCare.  (*Id.*)  Plaintiff alleges that this incorrect classification resulted in EmCare "violat[ing] numerous provisions of the California

1  Labor Code, including failure to pay overtime, failure to pay minimum wage for all
2  hours worked, failure to provide meal and rest breaks . . . failure to furnish accurate
3  and itemized wage statements[,]. . . . [and] fail[ure] to compensate Plaintiff at the time
4  of termination." (*Id.* ¶ 7.)

On July 28, 2016, Plaintiff filed this action in the Santa Barbara Superior Court. (Not. of Removal, Ex. 1, ECF No. 1-1.) EmCare removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) EmCare subsequently moved to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 7.) Instead of opposing the motion, Plaintiff filed a First Amended Complaint under Rule 15(a)(1)(B), thus mooting EmCare's motion. (ECF Nos. 9, 11.) Plaintiff's First Amended Complaint alleges five causes of action: (1) failure to pay overtime wages in violation of California Labor Code sections 510, 1194, and 1198; (2) failure to provide meal and rest periods in violation of California Labor Code sections 226.7 and 512; (3) failure to furnish and keep accurate itemized wage statements and payroll in violation of California Labor Code section 226; (4) unfair competition in violation of California Business and Professions Code section 17200 et seq.; and (5) failure to pay compensation at the time of termination in violation of California Labor Code sections 201 and 203. (ECF No. 9.)

EmCare also moved to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6), arguing that Plaintiff failed to sufficiently plead each of her five causes of action. (ECF No. 13.) Plaintiff filed a timely opposition, and EmCare filed a timely reply. (ECF Nos. 14, 15.) That motion is now before the Court for review.

### III.   LEGAL STANDARD

A court may dismiss a complaint pursuant to Rule 12(b)(6) for "lack of a cognizable legal theory or . . . [in]sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading

requirements of Rule 8(a)(2): "a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)). A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But a court need not blindly accept "conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

### A. Plaintiff's Misclassification as Non-Exempt

The crux of Plaintiff's complaint is whether EmCare misclassified Plaintiff, a nurse scheduler, as an exempt salaried employee when she allegedly should have been classified as non-exempt. (FAC ¶¶ 5, 7.) EmCare argues that Plaintiff fails to allege sufficient facts to support the conclusion that Emcare misclassified her. (MTD 6.) The Court disagrees. Under the California Labor Code, "overtime exemption is an affirmative defense that must be pled and proved by the employer." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 825 (9th Cir. 2011) (citing *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (1999)). A court cannot dismiss a complaint for failure to state sufficient facts going to an affirmative defense, because a plaintiff need not plead *any* facts relating to an affirmative defense. *See Albino v. Baca*, 747 F.3d

1162, 1169 (9th Cir. 2014); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Thus, EmCare's argument fails. However, notwithstanding this finding, the Court now turns to Plaintiff's overtime claim because "without facts supporting a reasonable inference that [Plaintiff] . . . actually worked overtime . . . [Plaintiff's] classification scheme is irrelevant." *Schneider v. Space Systems/Loral, Inc.*, 5:11-cv-02489-JF, 2011 U.S. Dist. LEXIS 104414, at *8 (N.D. Cal. Sept. 15, 2011).

## B.  Plaintiff's First Claim: Violations of Labor Code Sections 510, 1194, and 1198 for Failure to Pay Overtime Wages

Plaintiff's first claim alleges that EmCare violated California Labor Code sections 510, 1194, and 1198. (FAC ¶¶ 8–17.) The relevant portions of the FAC state: (1) "Defendants effectively controlled the employment of Plaintiff and knew or should have known that Plaintiff was routinely underpaid for her labor"; (2) "During the course of her employment, Plaintiff regularly worked in excess of 8 hours a day and/or 40 hours per week"; (3) "Defendants knowingly and willingly failed to pay Plaintiff overtime wages as required by law"; (4) "Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amounts owed"; and (5) "Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code sections 510 and 1194 and is therefore unlawful." (*Id.* ¶¶ 11, 14–16.) For the reasons discussed below, the Court finds that Plaintiff did not sufficiently plead her overtime claim.

EmCare argues that Plaintiff's allegations are conclusory and do not identify particular occasions when she worked overtime. (MTD 2.) EmCare relies on *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), in support of its arguments attacking Plaintiff's pleadings in the context of wage-and-hour claims. (MTD 5.) Specifically, EmCare argues that this Court should not accept "Plaintiff's conclusory assertions that she was not paid overtime" because Plaintiff "has not advanced a single factual allegation to support her assertions," and dismiss her claim without leave to amend. (*Id.* at 7, 8.) In response, Plaintiff states that the overtime claim flows from

1. Plaintiff's allegation that she was misclassified as exempt. (Opp'n 2–4.)

EmCare correctly relies on *Landers* as this Court's guiding authority regarding pleading standards for wage-and-hour claims, despite Plaintiff's arguments to the contrary. (*Id.* at 3–4.) While *Landers* discussed the pleading standard for overtime claims under the Fair Labor Standards Act, district courts have applied its holding to claims under the California Labor Code. *See, e.g.*, *Freeman v. Zillow, Inc.*, SACV 14-01843-JLS (RNBx), 2015 U.S. Dist. LEXIS 120501, at *10 (C.D. Cal. Mar. 19, 2015).

Turning to Plaintiff's FAC, Plaintiff simply alleged that she worked more than 40 hours per week and/or more than eight hours in one day. (FAC ¶ 14.) Under *Landers*, this is insufficient. While Plaintiff need not "allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, [Plaintiff] should be able to specify at least one workweek in which [Plaintiff] worked in excess of forty hours and [was] not paid overtime wages." *Landers*, 771 F.3d at 646 (citations omitted). A Plaintiff making an overtime claim could "establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility," but, at the very least, "must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 645; *see also Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 199, 201 (2d Cir. 2013) (holding that allegations stating that "Plaintiffs . . . regularly worked hours . . . in excess of forty per week and were not paid for all of those hours," lacked "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"). The Court therefore **GRANTS** EmCare's Motion with leave to amend with respect to Plaintiff's overtime claim.

/ / /

### C. Plaintiff's Remaining Claims

EmCare points to numerous other pleading deficiencies in Plaintiff's FAC, to which Plaintiff fails to respond. While such failure can be deemed a waiver of those claims entirely, the Court exercises its discretion to consider EmCare's arguments on the merits.

#### 1. Plaintiff's Second Claim: Violations of Labor Code Sections 226.7, 512 for Failure to Provide Meal and Rest Periods

Plaintiff's second claim alleges that EmCare violated California Labor Code sections 226.7 and 512. (FAC ¶¶ 18–22.) The relevant portions of the FAC state: (1) "Plaintiff's employment with Defendants was subject to the provisions of Labor Code section 226.7, Labor Code section 512, and the applicable Wage Order, which require the employer to provide employees with a meal period of not less than thirty minutes for every five hours worked, and a rest period of ten minutes net rest per four hours or major fraction thereof unless expressly exempted"; and (2) "Plaintiff frequently worked at least five hours a day without a meal period or rest period as provided by law." (*Id.* ¶¶ 19–20.) EmCare argues that meal and rest period violations do not occur if the employee simply does not take a meal or rest period of their own volition; rather, the employer must make the meal or rest period unavailable or otherwise prevent the employee from taking a meal or rest period. (MTD 11 n.3, 14 n.4.)

Plaintiff's meal and rest period allegations are insufficient. An employer violates the California Labor Code "if an employer *makes* it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods." *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (emphasis added); *see Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012) ("The employer satisfies this [meal period] obligation if it . . . does not impede or discourage" employees from taking a break). For example, a complaint alleging that an employee missed meal periods because the employer assigned an excessive amount of work, valued productivity over taking breaks, or implemented policies to increase

productivity would be sufficient. *See Rodriguez v. Cleansource, Inc.*, No. 14-cv-0789-L (DHB), 2015 U.S. Dist. LEXIS 110449, at *16 (S.D. Cal. Aug. 20, 2015).

Plaintiff's FAC does not "identify, much less describe, a single instance where Defendant failed to provide such meal and rest periods." *Ritenour v. Carrington Mortg. Servs.*, No.: SACV 16-02011-CJC(DFMx), 2017 U.S. Dist. LEXIS 1747, at *16 (C.D. Cal. Jan. 5, 2017). Indeed, Plaintiff's allegations "are vague and insufficient because it is unclear whether Defendants' failure to 'provide' Plaintiff with meal and rest breaks was due to Defendants' failure to relieve Plaintiff of all duty for the designated period, or if it was due to Plaintiff not taking meal and rest breaks that were otherwise available to her." *Carrasco v. C.H. Robinson Worldwide, Inc.*, No. 1:13-cv-01438-LJO-SAB, 2013 U.S. Dist. LEXIS 169515, at *24 (E.D. Cal. Nov. 27, 2013). Accordingly, EmCare's motion to dismiss the second claim is **GRANTED WITH LEAVE TO AMEND.**

**2. Plaintiff's Third Claim: Violations of Labor Code Sections 226, 1174 for Failure to Furnish and Keep Accurate Wage Statements and Payroll**

Plaintiff's third claim alleges that EmCare violated California Labor Code sections 226 and 1174. (FAC ¶¶ 23–28.) The relevant portions of the FAC state: (1) "Defendants have knowingly failed to comply with Labor Code section 226 by, among other things, failing to provide accurate periodic wage [statements]"; and (2) "Defendants' failure to provide such adequate statements has caused injury to Plaintiff." (*Id.* ¶¶ 25, 27.) EmCare argues that this claim is premised on the Plaintiff's overtime, meal period, and rest period claims, and, because those claims should be dismissed, the derivative accurate wage statements claim should also be dismissed. (MTD 15.)

An employee who has suffered "injury as a result of a knowing and intentional failure by an employer" to provide accurate wage statements may state a claim under California Labor Code section 226. Here, Plaintiff alleges that EmCare knowingly

7

failed to provide accurate wage statements and that this failure caused Plaintiff injury, and Plaintiff concedes that this claim is derivative of her other claims. (FAC ¶¶ 25, 27; Opp'n 4.) If Plaintiff's other claims survived EmCare's motion to dismiss, this claim would also survive. *See Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, No. EDCV 15-369 JGB (KKx), 2015 U.S. Dist. LEXIS 164690, at *21 (C.D. Cal. Sept. 16, 2015) ("Plaintiff has alleged facts sufficient to infer that Defendant deliberately failed to pay wages for time worked, that it failed to provide requisite meal breaks, and that therefore, it knew that it was providing inaccurate wage statements."). However, when the underlying claims of a derivative claim fail, the derivative claim fails as well. Plaintiff should amend her complaint to plead sufficient facts for the overtime, meal, and rest period claims, while explicitly stating that the accurate wage statements claim is derivative of those claims.

As discussed above, Plaintiff has not alleged sufficient facts for her overtime, meal period, or rest period claims. Therefore, because these prior claims fail, the derivative accurate wage statements claim also fails. For this reason, EmCare's motion to dismiss the third claim is **GRANTED WITH LEAVE TO AMEND.**

### 3. Plaintiff's Fourth Claim: Violation of Bus. & Prof. Code Section 17200 for Unfair Competition

Plaintiff's fourth claim alleges that EmCare violated the Unfair Competition Law under California Business and Professions Code sections 17200 et. seq. (FAC ¶¶ 29–32.) The relevant portions of the FAC state: (1) "In engaging in the conduct alleged above, Defendants . . . engaged in unfair business practices under the Unfair Competition Law"; (2) "Pursuant to Business and Professions Code section 17203, Plaintiff seeks declaratory and injunctive relief for the unlawful, unfair, and fraudulent conduct, as well as to recover restitution"; and (3) "Pursuant to Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action." (*Id.* ¶¶ 30–32.) EmCare argues that this claim is insufficient because it is entirely based on Plaintiff's other

insufficient claims. (MTD 15.)

California's Unfair Competition Law "promot[es] fair competition in commercial markets for goods and services" by barring "any unlawful, unfair or fraudulent business act or practice." *Silva v. AvalonBay Cmtys., Inc.*, LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, at *31–32 (C.D. Cal. Oct. 8, 2015). Plaintiff herself recognizes that this claim rests on her prior claims. (FAC ¶ 30.) Because Plaintiff's FAC fails to allege actionable claims under California law, it fails to state a claim under the Unfair Competition Law. *See Lefevre v. Pac. Bell Directory*, No. 14-cv-03803-WHO, 2014 U.S. Dist. LEXIS 158630, at *11 (N.D. Cal. Nov. 7, 2014) (citations omitted) (holding that when plaintiff's unfair business practices claim depended on claims that were dismissed, the unfair business practices claim should also be dismissed). Additionally, Plaintiff should allege how EmCare's conduct was "unfair" for her UCL claim because "Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). For these reasons, EmCare's motion to dismiss the fourth cause of action is **GRANTED WITH LEAVE TO AMEND.**

### 4. Plaintiff's Fifth Claim: Violations of Labor Code Sections 201 and 203 for Failure to Pay Compensation at the Time of Termination

Lastly, Plaintiff's fifth claim alleges that EmCare violated Labor Code sections 201 and 203. (FAC ¶¶ 33–36.) The relevant portions of the FAC state: (1) "Labor Code section 201 requires an employer, who discharges an employee, to pay compensation due and owing to said employee immediately upon discharge"; (2) "Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge in a prompt and timely manner pursuant to Labor Code section 201, said employer is liable to said employee for waiting time penalties"; and (3) "Defendants . . . have willfully failed and refused, and continue to fail and refuse, to pay the compensation due and owing to Plaintiff." (*Id.* ¶ 34–35.) EmCare argues that Plaintiff's claim under Labor Code section 203 is insufficient

because it is "derivative of her wage claims" that were inadequately pled, and also "fail[s] to allege any facts to support a 'willful' violation." (MTD 16.)

Here, Plaintiff has made "no allegations detailing the termination of her position." *Daugherty v. Solarcity Corp.*, No. C 16-05155 WHA, 2017 U.S. Dist. LEXIS 11838, at *23 (N.D. Cal. Jan. 26, 2017). Indeed, the FAC contains no facts stating that EmCare terminated Plaintiff on a particular date, and thus her claim under Labor Code section 201 is insufficiently pleaded. In addition, apart from repeating the statutory language of Labor Code section 203, Plaintiff does not provide any facts in support of her argument that EmCare willfully failed to compensate her upon discharge. Allegations that repeat the statutory language are insufficient. *See Silva*, 2015 U.S. Dist. LEXIS 140673, at *25–26 (granting motion to dismiss when allegations about labor code violations repeated the language of the statute without supporting facts). For these reasons, the motion to dismiss the fifth cause of action is **GRANTED WITH LEAVE TO AMEND.**

## V. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. Any amended complaint is due within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

March 21, 2017

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**